**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| New Beginnings Care, LLC | ) | Case No. 16-10272 NWW |
| Abbeville Healthcare & Rehab, LLC | ) | Case No. 16-10273 SDR |
| Campus Healthcare & Rehab, LLC | ) | Case No. 16-10275 NWW |
| Cedarcreek Healthcare & Rehab, LLC | ) | Case No. 16-10276 SDR |
| Eastman Healthcare & Rehab, LLC | ) | Case No. 16-10277 SDR |
| Edwards Redeemer Healthcare & Rehab, LLC | ) | Case No. 16-10278 NWW |
| Goodwill Healthcare & Rehab, LLC | ) | Case No. 16-10279 NWW |
| Jeffersonville Healthcare & Rehab, LLC | ) | Case No. 16-10280 NWW |
| Mt Pleasant Healthcare & Rehab, LLC | ) | Case No. 16-10282 SDR |
| Oceanside Healthcare & Rehab, LLC | ) | Case No. 16-10283 SDR |
| Pinewood Healthcare & Rehab, LLC | ) | Case No. 16-10284 SDR |
| Rockmart Healthcare & Rehab, LLC | ) | Case No. 16-10285 SDR |
| Savannah Beach Healthcare & Rehab, LLC | ) | Case No. 16-10286 SDR |
| Woodlands Healthcare & Rehab, LLC | ) | Case No. 16-10287 SDR |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | Jointly Administered Requested |

---

**DEBTORS' EXPEDITED MOTION FOR AUTHORITY TO USE
CASH COLLATERAL, GRANTING ADEQUATE PROTECTION TO THE
PRE-PETITION LENDER, AND SCHEDULING A FINAL HEARING
PURSUANT TO BANKRUPTCY RULE 4001**

---

> NOTICE OF HEARING
>
> Notice is hereby given:
>     That a hearing will be held in the Third Floor Courtroom A, Historic Post Office and Courthouse, 31 East 11th Street, Chattanooga, Tennessee 37402, on January 26, 2016, at 10:00 a.m., on this Motion.
>     **If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

New Beginnings Care, LLC; Abbeville Healthcare & Rehab, LLC; Campus

1

Healthcare & Rehab, LLC; Cedarcreek Healthcare & Rehab, LLC; Eastman Healthcare & Rehab, LLC; Edwards Redeemer Healthcare & Rehab, LLC; Goodwill Healthcare & Rehab, LLC; Jeffersonville Healthcare & Rehab, LLC;  Mt Pleasant Healthcare & Rehab, LLC; Oceanside Healthcare & Rehab, LLC; Pinewood Healthcare & Rehab, LLC; Rockmart Healthcare & Rehab, LLC; Savannah Beach Healthcare & Rehab, LLC;  and Woodlands Healthcare & Rehab, LLC; Debtors and Debtors-in-Possession (collectively, the "Debtors") in the above-styled proposed jointly administered case (the "Case"), pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 4001, and files this Motion for Authority to Use Cash Collateral and Request for Emergency Hearing (the "Motion") seeking entry of an order authorizing the Debtors to use cash collateral.  In support of the Motion, the Debtors show the Court as follows.

## Jurisdiction and Venue

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On January 22, 2016, (the "Petition Date"), the Debtors each filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses as debtors-in-possession.

3. The Debtors' Chapter 11s were necessitated as the state of Georgia has been withholding $76,000 per week starting in April, 2015, from Debtors' weekly Georgia Medicaid payments.  In November, 2015, they started withholding an additional $40,000 per week until the end of January, 2016, when Debtors are expected to pay the total outstanding balance of

over $3,000,000 to bring the bed taxes current in Georgia. Debtors' Accounts Receivable ("AR") lender, Gemino Healthcare Finance ("Gemino"), is not including Georgia Medicaid in the borrowing base due to the outstanding bed taxes in the state. Debtors are having over $464,000 withheld, and in months with 5 Tuesdays, Debtors are having over $581,000 withheld. As a result of this, Debtors have over $1,200,000 at any point in time that Gemino is not letting Debtors borrow on because of the outstanding bed taxes.

4. In Ohio, Debtors are having 100% recoupment of Debtors' Medicaid money in order to pay back bed taxes. This is approximately $13,000 per week from each of the two facilities. On a monthly basis this is another $104,000 per month that Debtors are not getting in payments from the state of Ohio. In addition to this, Debtors are not able to borrow against this outstanding AR due to Gemino reserving against these Medicaid claims. This is over $34,000 that we are not able to borrow against each week.

5. Tennessee is not recouping Debtors' funds yet but the AR lender is not allowing the Tennessee Medicaid receipts to be included in the borrowing base which is approximately $100,000 at any point in time due to the outstanding bed taxes in Tennessee.

6. Overall Debtors have $3,541,000 in Medicaid money and the amount Debtors are able to borrow against is $170,000, so Debtors are unable to borrow against over $3,500,000 of outstanding AR for Medicaid.

7. Debtors also have patients that are pending Medicaid approval. Debtors have been providing these services to these patients with no reimbursement. Debtors are not able to borrow against this AR until the residents are approved. This total amount of Medicaid pending AR is $2,161,000 and only $7,000 is made available on Debtors' borrowing base.

8. Gemino made that certain loan to the Debtors pre-petition. In connection

3

therewith Gemino, asserts liens and security interests in some or all of the Debtors' personal property (the "Property"), including but not necessarily limited to, accounts and general intangibles. Gemino may also assert that the proceeds received from the Property consisting of accounts receivable is "cash collateral" as defined in 11 U.S.C. § 363(a).

## **Relief Requested**

9. The Debtors have proposed terms of an Interim Order Granting Authority to Use Cash Collateral (as such may be revised prior to any hearing on the Motion, the "Interim Order"), a copy of which is attached hereto. A proposed budget will be filed before the hearing as Exhibit "A".

10. The Debtors use of cash collateral is essential to the continued operation of their business, to maintain the value of the Property and for an effective reorganization. Therefore, the use of cash collateral is in the best interest of the Debtors, their estates and their creditors.

WHEREFORE, the Debtors request that this Court: (a) schedule an emergency hearing on this Motion to be heard as soon as possible; (b) enter the proposed Interim Order granting this Motion at the conclusion of such hearing; (c) schedule a final hearing on the Motion, and (d) grant the Debtors such other and further relief as is just and proper.

This 24th day of January, 2016.

SCARBOROUGH & FULTON

By:  /s/David J. Fulton
David J. Fulton, #006102
701 Market Street, Suite 1000
Chattanooga, Tennessee  37402
(423) 648-1880
(423) 648-1881 (facsimile)
DJF@sfglegal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Motion was served in order of preference by email, fax or overnight delivery with sufficient postage to carry it to its destination, dated this 24th day of January, 2016.

United States Trustee
Ustpregion08.cn.ecf@usdoj.gov

U.S. Attorney
USATNE.ECFChattBK@usdoj.gov

30 largest unsecured creditors

Gemino Healthcare Finance
c/o Stacy Allen
1 International Plaza, Ste 220
Philadelphia, PA 19113
stacy.allen@gemino.com

By:  /s/David J. Fulton
     David J. Fulton