**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| New Beginnings Care, LLC | ) | Case No. 16-10272 NWW |
| Abbeville Healthcare & Rehab, LLC | ) | Case No. 16-10273 SDR |
| Campus Healthcare & Rehab, LLC | ) | Case No. 16-10275 NWW |
| Cedarcreek Healthcare & Rehab, LLC | ) | Case No. 16-10276 SDR |
| Eastman Healthcare & Rehab, LLC | ) | Case No. 16-10277 SDR |
| Edwards Redeemer Healthcare & Rehab, LLC | ) | Case No. 16-10278 NWW |
| Goodwill Healthcare & Rehab, LLC | ) | Case No. 16-10279 NWW |
| Jeffersonville Healthcare & Rehab, LLC | ) | Case No. 16-10280 NWW |
| Mt Pleasant Healthcare & Rehab, LLC | ) | Case No. 16-10282 SDR |
| Oceanside Healthcare & Rehab, LLC | ) | Case No. 16-10283 SDR |
| Pinewood Healthcare & Rehab, LLC | ) | Case No. 16-10284 SDR |
| Rockmart Healthcare & Rehab, LLC | ) | Case No. 16-10285 SDR |
| Savannah Beach Healthcare & Rehab, LLC | ) | Case No. 16-10286 SDR |
| Woodlands Healthcare & Rehab, LLC | ) | Case No. 16-10287 SDR |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | Jointly Administered Requested |
| | ) | |

_____

**DEBTORS' EXPEDITED MOTION FOR ORDER AUTHORIZING**
**PAYMENT OF PRE-PETITION WAGES, PAYROLL TAXES, CERTAIN**
**EMPLOYEE BENEFITS, AND RELATED EXPENSES**
_____

---

NOTICE OF HEARING

Notice is hereby given:

That a hearing will be held in the Third Floor Courtroom A, Historic Post Office and Courthouse, 31 East 11th Street, Chattanooga, Tennessee 37402, on January 26, 2016, at 10:00 a.m., on this Motion.

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

---

New Beginnings Care, LLC; Abbeville Healthcare & Rehab, LLC; Campus Healthcare

& Rehab, LLC; Cedarcreek Healthcare & Rehab, LLC; Eastman Healthcare & Rehab, LLC;

Edwards Redeemer Healthcare & Rehab, LLC; Goodwill Healthcare & Rehab, LLC; Jeffersonville Healthcare & Rehab, LLC; Mt Pleasant Healthcare & Rehab, LLC; Oceanside Healthcare & Rehab, LLC; Pinewood Healthcare & Rehab, LLC; Rockmart Healthcare & Rehab, LLC; Savannah Beach Healthcare & Rehab, LLC; and Woodlands Healthcare & Rehab, LLC; Debtors and Debtors-in-Possession (collectively, "Debtors") in the above-styled proposed jointly administered case (the "Case"), by and through the undersigned counsel, make and file this Motion, respectfully showing the Court as follows:

## Relief Requested

1.      By this Motion, the Debtors seek authority to pay the Obligations (as herein defined) that become payable during the pendency of this Chapter 11 Case and to continue at this time their practices, programs, and policies with respect to employees, as such practices, programs, and policies were in effect as of the Petition Date.  Furthermore, because it is difficult for the Debtors to determine with precision the accrued pre-petition amount for many of the Obligations, to the extent that the Debtors subsequently determine that there are any additional outstanding Obligations related to the programs and policies described herein, the Debtors request authority to pay such pre-petition amounts.  The Debtors similarly request that they be authorized to pay any cost or penalty incurred by any recipient of Obligations in the event that a check issued by the Debtors for payment of the Obligations is inadvertently not honored because of the filing of the Debtors' bankruptcy cases.

## Jurisdiction

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On January 22, 2016, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.      No request has been made for the appointment of a trustee or examiner, and  no committee has been appointed in this Case.

5.      The Debtors provide nursing home services to the residents of Tennessee, Georgia, and Ohio through traditional nursing care facilities. The Debtors play a vital economic role providing over 1300 jobs and a quality of life for their employees. The Debtors play a vital role in providing quality care for over 800 nursing home residents.

## The Compensation Obligations

6.      As of the Petition Date, the Debtors employed more than 1300 employees and approximately 30 independent contractor physicians.

7.      As described more fully below, the Debtors have incurred certain pre-petition obligations that remain unpaid as of the Petition Date because they accrued, either in whole or in part, prior to the Petition Date. Even though arising prior to the Petition Date, these obligations (collectively, the "Obligations") will become due and payable in the ordinary course of the Debtors' businesses on and after the Petition Date.   These Obligations can generally be categorized as follows: (i) wages, salaries, and other compensation; (ii) payroll taxes; (iii) health and welfare benefits; (iv) other benefits.   These Obligations are described generally as

follows:

- *Wages, salaries, and other compensation* consist of pre-petition wages, salaries, and commissions owed to salaried employees, hourly employees or independent contractors (the "Payroll Obligations"). The pre-petition Payroll Obligations total approximately $664,898 for employees and for independent contractor physicians, working at the nursing homes and/or clinics operated by the Debtors. This gross amount excludes certain deductions described separately below, such as payroll taxes owed by the employees and contributions. The payroll company fee is $4,203. As of the Petition Date, some Payroll Obligations were unpaid because (a) they constitute salary, wages and commissions earned prior to the Petition Date but unpaid as of the Petition Date, or (b) certain paychecks issued pre- petition remained uncashed on the Petition Date. The Debtors estimate that the gross amount of the Payroll Obligations owed as of the Petition Date is approximately $669,101.

- *Payroll taxes* consist of federal, state, and local income taxes, social security, and Medicare taxes. The payroll taxes include the amounts owed by the employees that the Debtors withhold from the gross amount of the employees' wages or salary as well as the amounts separately owed by the Debtors. As of the Petition Date, the Debtors estimate that employer owed portion of the pre-petition Payroll Taxes totals approximately $238,119.

- *Health and welfare benefits.* The Debtors sponsor several health and welfare benefit plans for their employees, including insurance plans relating to medical, health, dental, vision, disability, and life insurance (collectively, the "Health and Welfare Plans"). The Pre-Petition amount owed to Blue Cross Blue Shield is $112,561.

- *Other benefits.* The Debtors customarily offer various other employee benefit policies and programs, including reimbursing eligible employees who incur business expenses in the ordinary course of performing their duties on behalf of the Debtors. Such reimbursement obligations include travel and entertainment expenses incurred by the employees through the use of their own funds or credit cards. Because the employees do not always submit claims for reimbursement promptly, it is difficult for the Debtors to determine the exact amount of reimbursement expense obligations outstanding at any particular time.

## **Relief Requested**

8.      The Debtors seek authority to pay the Obligations that become due and owing

during the pendency of this Chapter 11 Case and to continue at this time their practices, programs, and policies with respect to their employees as such practices, programs, and policies were in effect as of the Petition Date.  Furthermore, because it is difficult for the Debtors to determine with precision the accrued amount for many of the Obligations, to the extent that the Debtors subsequently determine that there are any additional outstanding Obligations related to the programs and policies described herein, the Debtors request authority to pay such pre-petition amounts.  The Debtors similarly requests that they be authorized to pay any cost or penalty incurred by their employees in the event that a check issued by the Debtors for payment of the Obligations is inadvertently not honored because of the filing of the Debtors' bankruptcy cases.

### Basis for Relief

**A.    Cause Exists to Authorize the Payment of the Employee Obligations.**

9.    Pursuant to Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, a debtor's employees' claims for "wages, salaries, or commission, including vacation, severance, and sick leave pay" earned within 180 days before the Petition Date, and claims against the Debtors for contributions to employee benefit plans arising from services rendered within 180 days before the Petition Date, are afforded unsecured priority status to the extent the claims do not exceed the statutory limits.  11 U.S.C. §§ 507(a)(4)–(5). It is believed no one employee will receive any payments that exceed the statutory limit of 11 U.S.C. §§ 507(a)(4)–(5). The pay period is January 3, 2016, through January 16, 2016, to be paid on January 19, 2016. A list of the employees and their respective pay will be filed before the hearing as late-filed Exhibit A.

10.     The Debtors believe that substantially all of the Obligations constitute priority claims and, to the extent the amount owed to any employee or independent contractor for the Obligations exceeds the statutory limit provided in Sections 507(a)(4) and 507(a)(5), the Debtors submit that payment of such amounts at this time is necessary and appropriate.

11.     With respect to payment of other Obligations, this Court has authority to grant the relief requested herein pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code.   Section 363(b)(l) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l).   Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).   Pursuant to Section 105(a) of the Bankruptcy Code, a bankruptcy court has broad authority to enforce the provisions of the Bankruptcy Code either under the specific statutory language of the Bankruptcy Code or under equitable doctrines.   Courts in this jurisdiction have entered similar orders providing for payment of pre-petition employee compensation and benefits. (See, e.g., In re: *Propex, Inc.* Case No. 08-10249 NWW). Courts in adjacent jurisdictions have entered similar orders providing for the payment of pre-petition employee compensation and benefits.  See, e.g., In re Pike Nursery Holding, LLC, Case No. 07-79129 (Bankr. N.D. Ga. 2007) (Diehl, J.), In re Atlantis Plastics, Inc., et al., Case No. 08-75473 (jointly administered) (Bankr. N.D. Ga. 2008) (Bonapfel, J.); In re Miller Auto Parts & Supply Company, Inc., et al., Case No. 14-68113 (jointly administered) (Bankr. N.D. Ga.

2014)(Diehl, J.).

12.      Other courts have also recognized the applicability of the "necessity of payment" doctrine with respect to the payment of pre-petition employee compensation and benefits. See, e.g., In re Chateaugay Corp., 80 B.R. 279 (S.D.N.Y. 1987) (under "necessity of payment" doctrine, it is appropriate for bankruptcy court to defer to debtor's business judgment in permitting payment of certain workers' compensation claims); In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) ("This rule recognized the existence of judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor."); In re Gulf Air, Inc., 112 B.R. 152 (Bankr. W.D. La. 1989) (authorizing debtor-in-possession to pay pre-petition employee wages and benefits, and health, life, and workers' compensation insurance premiums); In re Braniff, Inc., 218 B.R. 628, 633 (Bankr. N.D. Fla. 1998) (noting that debtor may pay pre-petition wages when necessary to ensure employees remain on the job post-petition).      The Debtors submit that, as illustrated below, application of the "necessity of payment" doctrine is wholly warranted in this Case.

13.      Any delay in paying the Obligations will adversely impact the Debtors' relationship with their employees and will irreparably impair the employees' morale, dedication, confidence, and cooperation.      The Debtors must have the support of their employees in order for the Debtors' reorganization efforts to succeed.   At this early stage, the Debtors simply cannot risk the substantial damage to their businesses that would inevitably result from a decline in employees' morale attributable to the Debtors' failure to pay previously earned wages, salaries, benefits, and other similar items.

14.      Absent an order granting the relief requested in this Motion, the Debtors'

employees will suffer undue hardship and, in many instances, serious financial difficulties, as the amounts in question are needed to enable certain of the employees to meet their own personal financial obligations. The stability of the Debtors will thus be undermined, perhaps irreparably, by the possibility that otherwise loyal employees will seek other employment alternatives.

15.     The Debtors do not seek to alter their compensation, vacation, and other benefit policies in this Motion, and this Motion is not to be deemed an assumption or adoption of any agreement or policy providing for any such benefits. Instead, this Motion is intended only to permit the Debtors, in their discretion, to make payments consistent with those policies to the extent that, without the benefit of an order approving this Motion, such payments would be inconsistent with the Bankruptcy Code, and to permit the Debtors, in their discretion, to continue to honor their practices, programs, and policies with respect to their employees as such practices, program, and policies were in effect as of the Petition Date.

**B.      Applicable Banks Should Be Authorized to Honor and Pay Checks Issued and Make Other Transfers with Respect to the Obligations.**

16.     If the Court grants the relief sought herein, the Debtors request that all applicable banks and other financial institutions be authorized and directed, when requested by the Debtors and in the Debtors' sole discretion, to receive, process, honor and pay any and all checks drawn on the Debtors' accounts to pay the Obligations, whether those checks were presented prior to or after the Petition Date, and make other transfers necessary to implement these transactions, provided that sufficient funds are available in the applicable accounts to make the payments and transfers. The Debtors represent that each of these checks can be readily identified as relating directly to the authorized payment of the Obligations.

Accordingly, the Debtors believe that checks and transfers other than those relating to such authorized payments will not be honored inadvertently.

17.    The Debtors similarly request that they be authorized to pay any cost or penalty incurred by their employees in the event that a check issued by the Debtors for payment of the Obligations is inadvertently not honored because of the filing of the Debtors' bankruptcy cases. Though the Debtors estimate any such costs or penalties to be *de minimis* in amount, if the Debtors are not authorized to pay such costs or penalties, then their employees will suffer the exact type of harm that this Motion seeks to prevent and the Debtors will suffer from loss of employee goodwill.

18.    Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

19.    Notice of this Motion has been provided to the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lender, the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, and any other parties requesting notice. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court:

(a)    enter an order authorizing payment of the Obligations and authorizing the applicable financial institutions to honor and process all checks relating to Obligations; and

(b)    grant the Debtors such other and further relief as is just and proper.

This 24th day of January, 2016.

SCARBOROUGH & FULTON

By:   /s/David J. Fulton
David J. Fulton, #006102
701 Market Street, Suite 1000
Chattanooga, Tennessee  37402
(423) 648-1880
(423) 648-1881 (facsimile)
DJF@sfglegal.com

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Motion was served in order of preference by email, fax or overnight delivery with sufficient postage to carry it to its destination, dated this 24th day of January, 2016.

United States Trustee
Ustpregion08.cn.ecf@usdoj.gov

U.S. Attorney
USATNE.ECFChattBK@usdoj.gov

30 largest unsecured creditors

Gemino Healthcare Finance
c/o Stacy Allen
1 International Plaza, Ste 220
Philadelphia, PA 19113
stacy.allen@gemino.com

By:   /s/David J. Fulton
David J. Fulton