**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| New Beginnings Care, LLC | ) | Case No. 16-10272 NWW |
| Abbeville Healthcare & Rehab, LLC | ) | Case No. 16-10273 SDR |
| Campus Healthcare & Rehab, LLC | ) | Case No. 16-10275 NWW |
| Cedarcreek Healthcare & Rehab, LLC | ) | Case No. 16-10276 SDR |
| Eastman Healthcare & Rehab, LLC | ) | Case No. 16-10277 SDR |
| Edwards Redeemer Healthcare & Rehab, LLC | ) | Case No. 16-10278 NWW |
| Goodwill Healthcare & Rehab, LLC | ) | Case No. 16-10279 NWW |
| Jeffersonville Healthcare & Rehab, LLC | ) | Case No. 16-10280 NWW |
| Mt Pleasant Healthcare & Rehab, LLC | ) | Case No. 16-10282 SDR |
| Oceanside Healthcare & Rehab, LLC | ) | Case No. 16-10283 SDR |
| Pinewood Healthcare & Rehab, LLC | ) | Case No. 16-10284 SDR |
| Rockmart Healthcare & Rehab, LLC | ) | Case No. 16-10285 SDR |
| Savannah Beach Healthcare & Rehab, LLC | ) | Case No. 16-10286 SDR |
| Woodlands Healthcare & Rehab, LLC | ) | Case No. 16-10287 SDR |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | Jointly Administered Requested |

_____

**DEBTORS' EXPEDITED MOTION FOR ORDER AUTHORIZING
MAINTENANCE OF EXISTING BANK ACCOUNTS**
_____

NOTICE OF HEARING

Notice is hereby given:

That a hearing will be held in the Third Floor Courtroom A, Historic Post Office and Courthouse, 31 East 11th Street, Chattanooga, Tennessee 37402, on January 26, 2016, at 10:00 a.m., on this Motion.

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

New Beginnings Care, LLC; Abbeville Healthcare & Rehab, LLC; Campus Healthcare & Rehab, LLC; Cedarcreek Healthcare & Rehab, LLC; Eastman Healthcare &

1

Rehab, LLC; Edwards Redeemer Healthcare & Rehab, LLC; Goodwill Healthcare & Rehab, LLC; Jeffersonville Healthcare & Rehab, LLC;  Mt Pleasant Healthcare & Rehab, LLC; Oceanside Healthcare & Rehab, LLC; Pinewood Healthcare & Rehab, LLC; Rockmart Healthcare & Rehab, LLC; Savannah Beach Healthcare & Rehab, LLC; and Woodlands Healthcare & Rehab, LLC; Debtors and Debtors-in-possession (collectively, the "Debtors") in the above-styled proposed jointly administered case (the "Case"), by and through the undersigned counsel, and make and file this Motion, respectfully showing the Court as follows:

### Relief Requested

1.     By this Motion, the Debtors seek entry of an order pursuant to Section 105 of Title 11 of the United States Code (the "Bankruptcy Code") authorizing Debtors to maintain certain of their existing bank accounts.

### Jurisdiction

2.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

3.     On January 22, 2016, (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4.     No request has been made for the appointment of a trustee or examiner, and  no committee has been appointed in this Case.

**Specific Relief Requested**

5. In order to supervise the administration of Chapter 11 cases, the Office of the United States Trustee has established certain operating guidelines for debtors-in-possession that operate their businesses. These guidelines require Chapter 11 debtors, among other things, to close all existing bank accounts and open new debtor-in-possession bank accounts. These requirements are designed to provide a clear line of demarcation between pre-petition and post-petition transactions and operations and to prevent the inadvertent post-petition payment of pre-petition claims through the payment of checks drawn prior the filing of the bankruptcy petition.

6. Prior to the commencement of these Chapter 11 cases, the Debtors maintain (43) bank accounts, generally with Regions Bank and several other local banks. A list of the accounts is attached an <u>Exhibit "A"</u>. Some of these accounts are designated as recipient accounts for ACH transfers and other payments. If the Debtors were required to change the account numbers with these payors, the process would take time and would likely result in a significant delay in receipt of incoming payments due to the Debtors. To avoid disruption to the ordinary and usual cash management and day-to-day operations of the Debtors, and to ensure an orderly transition into Chapter 11, the Debtors respectfully request entry of an Order authorizing them to continue to maintain the accounts (collectively, the "Accounts") and granting a waiver, to the extent required, from the United States Trustee's guidelines with respect to those requirements identified above.

7. The Debtors propose to have the Accounts designated as "DIP" accounts.

8. By permitting existing accounts to remain open, preserving business continuity, and avoiding the operational and administrative paralysis that closing the accounts and opening

new ones would necessarily entail, all parties-in-interest will be best served, and the Debtors' estates will benefit considerably.

9. This Court is authorized to grant the relief requested in this Motion pursuant to Section 105(a) of the Bankruptcy Code, which provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

10. Courts in this and other jurisdictions have recognized that a bankruptcy court has the discretion to allow the Debtors continued use of their pre-petition cash management procedures, existing pre-petition bank accounts, and business forms. See, e.g., In re Grant Broad., Inc., 75 B.R. 819, 820 (E.D. Pa. 1987) (referring to order authorizing use of cash collateral and pre-petition bank accounts); In re Foamex Int'l. Inc., Case No. 05-12685 (Bankr. D. Del. Sept. 21, 2005) (Walsh, J.); In re Meridian Auto. Sys. - Composites Ops., Inc., et al., No. 05-11168 (Bankr. D. Del. Apr. 27, 2005) (Walrath, J.); In re Rhodes, Case No., 04-78434 (Bankr. N.D. Ga. Nov. 5, 2004) (Diehl, J); In re Galey & Lord, Inc., et al., Case No. 04-43098 (Bankr. N.D. Ga. Aug. 19, 2004) (Diehl, J.); In re Dan River Inc., et al., Case No. 04-10990 (Bankr. N.D. Ga. Apr. 1, 2004) (Drake, J.); In re SHC, Inc., Case No. 03-12002 (MFW) (Bankr. D. Del. July 2, 2003); In re Centennial HealthCare Corp., Case No. 02-74974 (Bankr. N.D. Ga. Dec. 24, 2002) (Massey, J.); In re The New Power Co., No. 02-10835 (Bankr. N.D. Ga. June 17, 2002) (Drake, J.); In re New York City Shoes, Inc., 78 B.R. 426, 427 (Bankr. E.D. Pa. 1987) (debtor depositing post-petition funds into pre-

petition bank accounts). Because of the severe disruption to the Debtors' cash management system and, by extension, the Debtors' businesses, that would result if the Debtors were forced to open new accounts, the Debtors believe it is extremely important that this Court grant their request for maintaining their existing bank accounts.

11. For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interest of their estates.

### Conclusion

WHEREFORE, the Debtors respectfully request that this Court:

(a) enter an order authorizing the Debtors to maintain their existing bank accounts; and

(b) grant the Debtors such other and further relief as is just and proper.

This 24th day of January, 2016.

> SCARBOROUGH & FULTON
>
> By: /s/David J. Fulton
> David J. Fulton, #006102
> 701 Market Street, Suite 1000
> Chattanooga, Tennessee  37402
> (423) 648-1880
> (423) 648-1881 (facsimile)
> DJF@sfglegal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Motion was served in order of preference by email, fax or overnight delivery with sufficient postage to carry it to its destination, dated this 24th day of January, 2016.

    United States Trustee
    Ustpregion08.cn.ecf@usdoj.gov

    U.S. Attorney
    USATNE.ECFChattBK@usdoj.gov

    30 largest unsecured creditors

    Gemino Healthcare Finance
    c/o Stacy Allen
    1 International Plaza, Ste 220
    Philadelphia, PA 19113
    stacy.allen@gemino.com

        By:    /s/David J. Fulton
                    David J. Fulton