

**SO ORDERED.**
**SIGNED this 17th day of March, 2016**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

*Nicholas W Whittenburg*
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| In re: | ) | |
| New Beginnings Care, LLC, et al. | ) | Case No. 1:16-bk-10272-NWW |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | Jointly Administered |

_____

## ORDER APPROVING EMPLOYMENT AND COMPENSATION OF 3MC CONSULTING, LLC

_____

This matter came before the Court on the Debtors' Expedited Application for an

Order Approving and Authorizing Debtors' Employment of 3MC Consulting, LLC, as

Accountant ("Application to Employ 3MC"; Doc. 16[1]), the Objection of United States

---

[1] The document references are to Case Number 1:16-bk-10272-NWW, which is the lead case in this jointly administered case.  Separate applications were filed in each of the following cases, which have now been consolidated: New Beginnings Care, LLC; Abbeville Healthcare & Rehab, LLC; Campus Healthcare & Rehab, LLC; Cedarcreek Healthcare & Rehab, LLC; Eastman Healthcare & Rehab, LLC; Edwards Redeemer Healthcare & Rehab, LLC; Goodwill Healthcare & Rehab, LLC; Jeffersonville Healthcare & Rehab, LLC;  Mt Pleasant Healthcare & Rehab, LLC; Oceanside Healthcare & Rehab, LLC; Pinewood Healthcare & Rehab, LLC; Rockmart

1

Trustee to Debtors' Application (Doc. 186), and the Unsworn Declaration under Penalty of Perjury of 3MC Consulting, LLC, filed by the Debtors in support of the Application to Employ 3MC (Doc. 16), which contains an attached summary billing sheet (by task and biller) setting forth the billing procedures used by 3MC ("Exhibit"; Doc. 311).

Upon consideration, the Court hereby **GRANTS** the Application to Employ 3MC as accountant and the employment of 3MC Consulting, LLC ("3MC") is hereby authorized and approved for those purposes and others described in the Application to Employ 3MC.  Such employment is premised on 3MC's acknowledgement that any prepetition claims it may have held are forever waived and barred, including an claims that may arise under 11 U.S.C. § 502(h).  This authorization of employment is *nunc pro tunc* to the date of the filing of the Application to Employ 3MC.

The Court further **GRANTS** the Application to Employ 3MC with respect to compensation on the following terms: 3MC is permitted to charge Debtors 2% of the Debtors' gross revenue in compensation for work performed by 3MC pursuant to this employment order but only subject to the following conditions:

1. Prior to the payment of any funds to 3MC, 3MC will file with the court a fee application pursuant to 11 U.S.C. § 330 and/or § 331 and applicable rules.  3MC agrees that its fee application may be reviewed for reasonableness based on the typical standards applicable under § 330 and related law.  Any and all such fee applications shall include summaries of time- or task-based billing records.  Such summaries may be in a form similar to the billing summary attached to the Exhibit

---

Healthcare & Rehab, LLC; Savannah Beach Healthcare & Rehab, LLC; and Woodlands Healthcare & Rehab, LLC (collectively, the "Debtors").

and shall be at the rates disclosed in the Application to Employ 3MC.

2.  In addition to filing fee applications, 3MC will provide the United States Trustee, the Unsecured Creditors Committee, and any other requesting party-in-interest (together, the "Reviewing Parties") the total gross revenue with a Weekly Fee Request.  The Weekly Fee Request shall include the gross revenues of the Debtors for the prior week and the proposed amount to be paid to 3MC for that week and shall be provided by the first day of the following week (with the exception of the fee requests for the months of January, February, through March 18, 2016, which shall be provided no later than March 21, 2016).

3.  Once the Weekly Fee Request has been provided as specified in paragraph 2, the Reviewing Parties shall have 3-days to provide Debtors' counsel with an objection to the Weekly Fee Request.  Absent a timely objection from any Reviewing Parties, Debtors may pay the proposed monthly compensation to 3MC in care of Debtors' counsel.  Debtors' counsel will hold such funds in trust, pending final or interim approval pursuant § 330 and/or § 331.

# # #

SCARBOROUGH & FULTON


By:    /s/David J. Fulton
David J. Fulton, #006102
Attorney for Debtors
701 Market Street, Suite 1000
Chattanooga, Tennessee  37402
(423) 648-1880
(423) 648-1881 (facsimile)
DJF@sfglegal.com

UNITED STATES TRUSTEE, REGION 8


By: /s/ David Holesinger
David Holesinger
Trial Attorney, TN BPR 030189
U.S. Department of Justice
31 East 11th Street, 4th Floor
Chattanooga, TN 37402
(423) 752-5156
(423) 752-5161 (fax)
David.Holesinger@usdoj.gov