**The order is modified by inserting "except New Beginnings Care, LLC" after "possession" in the last line on page 1.**

**SO ORDERED.**
**SIGNED this 26th day of October, 2016**

*Nicholas W. Whittenburg*
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| In re: | ) | *Jointly Administered Under* |
| New Beginnings Care, LLC, et. al. | ) | Case No. 16-10272 NWW |
| Eastman Healthcare & Rehab, LLC | ) | Case No. 16-10277 NWW |
| Edwards Redeemer Healthcare & Rehab, LLC | ) | Case No. 16-10278 NWW |
| Pinewood Healthcare & Rehab, LLC | ) | Case No. 16-10284 NWW |
| Woodlands Healthcare & Rehab, LLC | ) | Case No. 16-10287 NWW |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

_____

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) PRELIMINARILY APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PROCEDURES ON A FINAL BASIS; (III) SCHEDULING A COMBINED HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT, AND (B) CONFIRMATION OF THE PLANS OF REORGANIZATION; AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES TO DISCLOSURE STATEMENT APPROVAL AND PLANS CONFIRMATION**

_____

Upon the motion (the "**Motion**") of the above-captioned Debtors and Debtors in

Possession (collectively, the "**Debtors**"), for entry of an order (the "**Order**") (i) approving the

Debtors' Disclosure Statement [Doc. 835] (as amended from time to time, the "**Disclosure Statement**") on a preliminary basis; (ii) approving the proposed procedures for the solicitation of votes, voting, and form of ballots (collectively, the "**Solicitation Procedures**") on a final basis; (iii) scheduling a combined hearing (the "**Joint Hearing**") to consider (a) final approval of the Disclosure Statement and (b) confirmation of the Debtors' Plans of Reorganization [Docs. 835-1(Exhibit A), 838, 839, 840, 841] (as amended from time to time, the "**Plans**"); (iv) establishing an objection deadline to object to the adequacy of the Disclosure Statement and/or confirmation of the Plans; and (v) approving the form and manner of notice thereof; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion, having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**") and having considered the entire record before the Court; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

The Court HEREBY FINDS AS FOLLOWS:

A.      On a preliminary basis, the Disclosure Statement complies with the

requirements of title 11 of the United States Code (the "**Bankruptcy Code**") and the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and contains adequate information as

such term is defined in § 1125 of the Bankruptcy Code.

   B.  Cause exists to reduce the notice requirements set forth under Bankruptcy Rule

2002 to hear the Motion.

   C.  The Solicitation Procedures proposed in the Motion are fair and

reasonable. Accordingly, after due deliberation, it is HEREBY ORDERED THAT:

   1.  The Motion is granted as provided herein.

   2.  The Disclosure Statement is approved on a preliminary basis as

containing "adequate information" under § 1125 of the Bankruptcy Code.

   3.  The Debtors are authorized to (i) make non-material changes to the Disclosure

Statement and related documents (including, without limitation, the exhibits thereto) and (ii)

revise the Disclosure Statement and related documents (including, without limitation, the

exhibits thereto) to add further disclosure concerning events occurring at or after the Hearing

prior to distributing it to each person or entity whose Claim against the Debtors is Impaired and

is entitled to vote on the Plans.

   4.  A hearing to consider final approval of the Disclosure Statement and

confirmation of the Plans (the "**Joint Hearing**") will be held in the United States Bankruptcy

Court for the Eastern District of Tennessee, Courtroom A, 31 E. 11th Street, Chattanooga,

Tennessee, 37402 on **December 6, 2016, at 1:00 p.m. (prevailing Eastern Time)**.

   5.  Objections or proposed modifications, if any, to the Plans, and objections to

final approval of the Disclosure Statement, must (i) be in writing, (ii) state the name and address

of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state

with particularity the basis and nature of any objection or proposed modification, (iv) comply with the Bankruptcy Rules and the Local Bankruptcy Rules and (v) be filed with the Clerk of the Court,  and served so as to be received by (a) counsel to the Debtors, (b) counsel to the Committee, and (c) the United States Trustee, no later than **November 25, 2016, at  5:00 p.m.. (prevailing Eastern Time)** (the "**Plans and Disclosure Statement Objection Deadline**").

6.      The Joint Hearing Notice, substantially in the form attached to the Motion as <u>Exhibit B</u> is hereby approved.

7.      The Unimpaired Creditor Notice to Claim Holders in Classes 1 and 4 substantially in the form attached to the Motion as <u>Exhibit C</u>, and the Non- Voting Status Notice to Claims and Interest Holders in Class 5, substantially in the form attached to the Motion as <u>Exhibit D</u>, are hereby approved.

8.      The Ballots for Classes 2 and 3, substantially in the forms attached hereto as <u>Exhibit A & B</u> are hereby approved.

9.    The Solicitation Procedures are hereby approved; <u>provided,</u> <u>however</u>, that the Debtors have reserved the right to modify, amend or supplement the Solicitation Procedures.

10.   The Debtors shall cause the Joint Hearing Notice to be served on all Holders of Claims and Interests on or before October 27, 2016.

11.      On or before October 27, 2016, the Debtors shall cause (i) the Plans, the Disclosure Statements with Exhibits, and the Joint Hearing Notice to be distributed to all Holders of known (a) Administrative Expense Claims, (b) Compensation and Reimbursement Claims, (c) Priority Tax Claims, and (d) the Gemino Claim; and (ii) the Solicitation Package be distributed to all Holders of Claims in Classes 2 and 3 (other than Holders of Disputed Voting Claims).

12.     The Debtors are authorized (but not required) to distribute the Plans, the Disclosure Statements with Exhibits, and this Order (without exhibits) in PDF format on a CD-ROM.  The Ballots, as well as the Joint Hearing Notice and other materials, must be provided in paper format.

13.     Consistent with § 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Solicitation Package will not be distributed to Holders of Claims against or Interests in the Debtors that are placed in a class under the Plans that is deemed to accept or reject the Plans under § 1126 of the Bankruptcy Code.

14.     The first day of the Hearing (the "**Voting Record Date**") is the date for purposes of determining which creditors are entitled to vote on the Plans.

15.     Ballots for the Holders of Claims in Classes 2 and 3 shall be delivered to Debtors' counsel so as to be received no later than **November 25, 2016 at 5:00 p.m. prevailing Eastern Time**  (the "**Voting Deadline**").

16.     Debtors' Counsel shall file a ballot summary of the voting results no later than December 2, 2016. Information regarding defective ballots that the Debtors propose to accept, if any, shall be included in the ballot summary.

17.     With respect to any transferred Claim in a voting Class (other than a Disputed Claim), the transferee shall be entitled to receive the Solicitation Package and vote to accept or reject the Plans on account of the transferred Claim only if: (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date, or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer of the Claim and (b) a sworn statement of the transferor supporting the validity of the transfer.

18.     In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder of such transferred Claim.

19.     Any motion for temporary claim allowance pursuant to Bankruptcy Rule 3018(a) shall be filed no later than **December 1, 2016 at 5:00 p.m. (prevailing Eastern Time)** (the "**Resolution Deadline**").

20.     For voting purposes only, and not for the purpose of determining who has an Allowed Claim or who is entitled to receive a distribution under the Plans, the following voting procedures are approved:

a.   Tabulation Rules:

i.    The Claim amount for voting purposes shall be the Claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the non- contingent, liquidated and undisputed claim amount that is listed in the Debtors' schedules of assets and liabilities (the "**Schedules**");

ii.    Ballots cast by creditors who timely file proofs of claim for unknown, undetermined, unliquidated, or contingent amounts, including all Claims based on pending litigations not subject to a judgment against any of the Debtors, will count for satisfying the numerosity requirement of § 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of § 1126(c) of the Bankruptcy Code;

iii.    If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

iv.    If a creditor casts a Ballot and such creditor is an "insider" as that term is defined in § 101(31) of the Bankruptcy Code, such creditor's Ballot shall not be counted;

v.    If a creditor casts a Ballot and is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor's Ballot shall not be counted (for the avoidance of doubt, if a creditor is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor shall not be entitled to vote or receive a Solicitation Package containing a Ballot; provided, however, that the Debtors' Counsel will distribute a Joint Hearing Notice to such creditor);

vi.    Notwithstanding anything to the contrary set forth in the Order, if a Claim is

6

deemed allowed in accordance with the Plans, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein;

vii.   Notwithstanding anything to the contrary contained in the Order, any creditor who has filed or purchased duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such class, regardless of whether the Debtors have objected to such duplicate Claims;

viii.   If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim will be entitled to vote in a manner consistent with the tabulation rules, and the earlier filed amended Claim will not be entitled to vote, regardless of whether the Debtors have objected to such amended Claim;

ix.   Claims filed for $0.00 are not entitled to vote; and

x.   For purposes of the numerosity and amount requirement of § 1126(c) of the Bankruptcy Code, the following rules apply:

a.  Separate Claims held by a single creditor in a particular Class shall be aggregated (based on the reasonable efforts of the Debtors and the their counsel) as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plans.

b.   Separate Claims held by a single creditor in a particular voting Class held or filed against one Debtor or multiple Debtors on account of the same liability will be treated as if such creditor held one Claim in such voting Class, the votes related to such Claims will be treated as a single vote to accept or reject the Plans, only in an amount of one such Claim.

c.   Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall, reject such Ballot as invalid and, therefore, decline to utilize it in connection with seeking confirmation of the Plans by the Bankruptcy Court.

d.   If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by the Debtor or their counsel, must submit proper evidence satisfactory to the Debtor of its authority to so act.

e.   Any entity that is required to file a proof of claim, but that fails to do so by the applicable bar date is barred, estopped and enjoined from asserting such Claim against the Debtors, or voting upon, or receiving distributions under, any Plans of reorganization in these Chapter 11 Cases in respect of such Claim.  Thus, no claimants asserting late-filed Claims shall be entitled to vote to accept or reject the Plans, unless such late-filed Claim has been deemed timely-filed under applicable law by an applicable order of the Bankruptcy Court.

f.  Any Holder of a  Claim against the Debtors (i) for which the Debtors have filed an

7

objection on or before the voting deadline to the extent and in the manner as may be set forth in such objection unless such Claim is subsequently allowed on or before the voting deadline, or (ii) who is a defendant in an adversary proceeding where such Claim would be subject to disallowance under § 502(d) of the Bankruptcy Code (such Claims in clauses (i) and (ii) being referred to herein as "**Disputed Voting Claims**"), shall not be entitled to vote on the Plans and shall not be counted in determining whether the requirements of § 1126 of the Bankruptcy Code have been met. If any Holder of a Disputed Voting Claim disagrees with such voting status (or if a Holder of a Voting Claim disagrees with the classification and/or vote amount provided on its Ballot), then it must file with the Bankruptcy Court and serve upon the undersigned, by the Resolution Deadline, a motion (a "**Temporary Allowance Motion**") requesting temporary allowance of its Claim for voting purposes only, in accordance with Bankruptcy Rule 3018(a). No later than 2 business days after the filing and service of such Temporary Allowance Motion, Debtors' counsel will send the movant a Solicitation Package (as appropriate), and the movant shall be required to return its Ballot to Debtors' counsel by the Voting Deadline. If the Debtors and the movant cannot resolve consensually the temporary allowance of the Claim subject to the Temporary Allowance Motion, the Debtors will request that the Bankruptcy Court consider the Temporary Allowance Motion at the Confirmation Hearing. The Debtors will reserve all rights with respect to the Temporary Allowance Motion and the Claim subject thereto.

g. The allowance of any Voting Claim for voting purposes on the Plans shall not constitute a waiver of any rights of the Debtors to object to such Claim for purposes of allowance or Distribution under the Plans or otherwise.

21. To ensure that its vote is counted, each Holder of a Claim in Classes 2 and 3 must (i) complete a Ballot, (ii) indicate the Holder's decision whether to accept or reject the Plans in the boxes provided in the Ballot, and (iii) sign and return the Ballot, by the Voting Deadline, to the address set forth on the envelope enclosed therewith.

22. The following voting procedures and standard assumptions shall be used in tabulating Ballots:

a. All votes must be cast either to accept or to reject the Plans and may not be split;

b. Any Ballot that partially rejects and partially accepts, or conditionally accepts the Plans, will not be counted;

c. A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plans or (ii) fails to indicate an acceptance or rejection of the Plans will not be counted;

d. Except as the Debtors may otherwise agree in their discretion, a Ballot may be submitted by only one of the following methods: (a) in the provided postage prepaid envelope, (b) via electronic mail, or (c) by first class mail, overnight courier, or hand delivery;

e.  Only properly executed and signed Ballots that are timely received will be counted, and Ballots not containing a signature will not be counted;

f.   Whenever more than one Ballot voting the same claim is received prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline will be counted and deemed to supersede any prior received Ballot;

g.  If a creditor simultaneously casts inconsistent Ballots, such Ballots shall not be counted;

h.  The Debtors further propose, without further order of the Court, that any Holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

i.   Any Ballot that is illegible or contains insufficient information to permit identification of the Claim or Interest Holder may not be counted;

j.   Any Ballot cast by a person or entity that does not hold a Claim in a voting Class will not be counted;

k.   Subject to any order of the Court to the contrary, the Debtors, in their sole discretion, reserve the right to waive any defect in any timely filed Ballot on or prior to  the Voting Deadline, and

l.   None of the Debtors, the Solicitation Agent or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

23.  The Debtors are authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

25.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

PREPARED AND APPROVED:

SCARBOROUGH & FULTON

By:/s/ David J. Fulton
David J. Fulton, BPR #006102
701 Market Street, Suite 1000
Chattanooga, Tennessee 37402
(423) 648-1880
(423) 648-1881 (fax)
djf@sfglegal.com

*Attorneys for Debtors-in-Possession*

## Exhibit A

Class 2 Ballot

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA**

| | | |
|---|---|---|
| In re: | ) | *Jointly Administered Under* |
| New Beginnings Care, LLC, et. al. | ) | Case No. 16-10272 NWW |
| Eastman Healthcare & Rehab, LLC | ) | Case No. 16-10277 NWW |
| Edwards Redeemer Healthcare & Rehab, LLC | ) | Case No. 16-10278 NWW |
| Pinewood Healthcare & Rehab, LLC | ) | Case No. 16-10284 NWW |
| Woodlands Healthcare & Rehab, LLC | ) | Case No. 16-10287 NWW |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

---

**CLASS 2 GEMINO HEALTHCARE FINANCE, LLC BALLOT FOR ACCEPTING OR
REJECTING PLANS OF REORGANIZATION**

---

Debtors in the above-referenced chapter 11 cases (exclusive of Debtor New Beginnings) (collectively, the "**Debtors**") filed the *Debtors' Plans of Reorganization* under Chapter 11 of the Bankruptcy Code dated October 6, 2016  [Docs. 835-1(Exhibit A), 838, 839, 840, 841] (as amended from time to time, the "**Plans**").

The Court has preliminarily approved the *Disclosure Statement* for Debtors' Plans of Reorganization under Chapter 11 of the Bankruptcy Code dated October 6, 2016 [Doc. 835] (as amended from time to time, the "**Disclosure Statement**"), pursuant to § 1125 of title 11 of the United States Code (the "**Bankruptcy Code**").   A hearing on final approval of the Disclosure Statement and confirmation of the Plan has been scheduled by the Bankruptcy Court for **December 6, 2016 at 1:00 p.m. (prevailing Eastern Time)**.  The Disclosure Statement provides information to assist you in deciding how to vote the ballots (the "**Ballots**").  If you do not have a Disclosure Statement, you may obtain a copy from the Office of the Clerk of the Bankruptcy Court, on the Court's website, www.tneb.uscourts.gov (a PACER account is required), or by contacting David J.

Fulton, Esq., Debtors' attorney(i) by first class mail at 701 Market Street, Suite 1000, Chattanooga,

TN 37402; (ii) by email at djf@sflegal.com and angie@sflegal.com; or (iii) by phone at (423)

648-1880 or facsimile(423) 648-1881. Preliminary or final Bankruptcy Court approval of the

Disclosure Statement does not indicate approval of the Plans by the Bankruptcy Court.

**PLEASE READ, VOTE, AND RETURN YOUR BALLOT**
**THE VOTING DEADLINE IS NOVEMBER 25, 2016 AT 5:00 P.M.**
**PREVAILING EASTERN TIME** (the "**Voting Deadline**")

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plans before you vote. You may wish to seek legal advice concerning the Plans and your classification and treatment under the Plans. Your Claim has been placed into Class 2 under the Plans. If you hold Claims or Interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not received by the Debtors' attorney on or before November 25, 2016 at 5:00 p.m. prevailing Eastern Time, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plans.**

**If the Plans are confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**You may return your Ballot by only one of the following methods: (i) via hand delivery or overnight courier to David J. Fulton, Esq., Debtors' attorney(i) by first class mail at 701 Market Street, Suite 1000, Chattanooga, TN 37402; (ii) by email at djf@sflegal.com and Angie Miller at (angie@sflegal.com); or (iii) by facsimile (423) 648-1881.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount.**

For purposes of voting to accept or reject the Plan, as of October 19, 2016 (the "**Voting Record Date**") the undersigned was holder of a Class 2 Claim in the aggregate amount set forth below.

$ \underline{\hspace{4cm}}

**Item 2.  Vote on Plan (Please check <u>one</u>.)**

**CHECK ONE BOX ONLY**

☐        **ACCEPTS (votes FOR) the Plan.**

☐        **REJECTS (votes AGAINST) the Plan.**

**Item 3.    Certification.**    By signing this Ballot, the undersigned hereby certifies that: (a) on October 19, 2016, it was the holder of the Class 2  Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, (c) it had received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to the terms and conditions set forth in the Disclosure Statement and Plan, and (d) no other Ballots with respect to the Class 2 Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claims, then any such earlier received Ballots are hereby revoked.

Name of Claimant: \underline{\hspace{6cm}}

Signature: \underline{\hspace{6cm}}

Federal Tax I.D. or Social Security Number of Claimant: \underline{\hspace{4cm}}

Name (if different from Claimant): \underline{\hspace{5cm}}

Title (if corporation or partnership): \underline{\hspace{5cm}}

Address: \underline{\hspace{6cm}}

\underline{\hspace{6cm}}

Telephone Number: \underline{\hspace{5cm}}

Email Address: \underline{\hspace{5cm}}

Dated: \underline{\hspace{6cm}}

## VOTING INSTRUCTIONS

(a)      All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

(b)      Please read and follow these instructions carefully.

(c)      You must submit your Ballot to David J. Fulton, Esq. so that it is received no later than **5:00 p.m. prevailing Eastern Time on November 25, 2016**, the Voting Deadline.   If your Ballot is not received by the Voting Deadline and such time is not extended, your vote will not count.   You may submit your Ballot by only <u>one</u> of the following methods: (a) in the provided postage prepaid envelope, (b) via electronic mail, or (c) by first class mail, overnight courier, or hand delivery.

(d)      In order for your vote to count, you must:

> (i)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

> (ii)   Review and sign the certifications in Item 3;

> (iii) If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if requested provide proof of your authorization to so sign.   In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

> (iv)  Return the completed Ballot to David J. Fulton, Esq., Debtors' attorney by only <u>one</u> of the following methods: (i) in the pre-addressed, postage prepaid envelope enclosed with this Ballot, (ii) via hand delivery or overnight courier to David J. Fulton, Esq., Debtors' attorney(i) at 701 Market Street, Suite 1000, Chattanooga, TN 37402; (ii) by email at <u>djf@sfglegal.com</u> and Angie Miller at angie@sfglegal.com; or (iii) by phone at (423)648-1880 or facsimile (423)648-1881

(e)      A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plan or (ii) fails to indicated an acceptance or rejection of the Plan will not be counted.

(f)      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

(g)      If multiple Ballots are received from the same Person or Entity with respect to the same Claims prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline will be counted and deemed to supersede any prior received Ballot.

(h)      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or

an assertion or admission of a Claim.

(i)        If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Please complete and return each Ballot you receive.

(j)        **Please be sure to sign and date your Ballot.**

PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DAVID J. FULTON, DEBTORS' ATTORNEY BY TELEPHONE AT (423) 648-1880 OR BY EMAIL DJF@SFGLEGAL.COM OR ROBERT M. HIRSH BY TELEPHONE (212) 457-5430  OR BY EMAIL ROBERT.HIRSH@ARENTFOX.COM)

<u>Exhibit B</u>

Class 3 Ballot

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

In re:

| | | |
|---|---|---|
| | ) | *Jointly Administered Under* |
| New Beginnings Care, LLC, et. al. | ) | Case No. 16-10272 NWW |
| Eastman Healthcare & Rehab, LLC | ) | Case No. 16-10277 NWW |
| Edwards Redeemer Healthcare & Rehab, LLC | ) | Case No. 16-10278 NWW |
| Pinewood Healthcare & Rehab, LLC | ) | Case No. 16-10284 NWW |
| Woodlands Healthcare & Rehab, LLC | ) | Case No. 16-10287 NWW |
| | ) | |
| Debtors. | ) | Chapter 11 |
| | ) | |

---

## CLASS 3 GENERAL UNSECURED CREDITORS BALLOT FOR ACCEPTING OR REJECTING PLANS OF REORGANIZATION

---

Debtors in the above-referenced chapter 11 cases (exclusive of Debtor New Beginnings) (collectively, the "**Debtors**") filed the *Debtors' Plans of Reorganization* under Chapter 11 of the Bankruptcy Code dated October 6, 2016 [Docs. 835-1(Exhibit A), 838, 839, 840, 841] (as amended from time to time, the "**Plans**").

The Court has preliminarily approved the *Disclosure Statement* for Debtors' Plans of Reorganization under Chapter 11 of the Bankruptcy Code dated October 6, 2016 [Doc. 835] (as amended from time to time, the "**Disclosure Statement**"), pursuant to § 1125 of title 11 of the United States Code (the "**Bankruptcy Code**"). A hearing on final approval of the Disclosure Statement and confirmation of the Plan has been scheduled by the Bankruptcy Court for **December 6, 2016 at 1:00 p.m. (prevailing Eastern Time)**. The Disclosure Statement provides information to assist you in deciding how to vote the ballots (the "**Ballots**"). If you do not have a Disclosure Statement, you may obtain a copy from the Office of the Clerk of the Bankruptcy Court, on the Court's website, www.tneb.uscourts.gov (a PACER account is required), or by contacting David J. Fulton, Esq., Debtors' attorney(i) by first class mail at 701 Market Street, Suite 1000, Chattanooga,

TN 37402; (ii) by email at djf@sflegal.com and angie@sflegal.com; or (iii) by phone at (423)

648-1880 or facsimile(423) 648-1881. Preliminary or final Bankruptcy Court approval of the

Disclosure Statement does not indicate approval of the Plans by the Bankruptcy Court.

**PLEASE READ, VOTE, AND RETURN YOUR BALLOT
THE VOTING DEADLINE IS November 25, 2016 AT 5:00 P.M.
PREVAILING EASTERN TIME (the "Voting Deadline")**

---

**IMPORTANT**

**You should review the Disclosure Statement and the Plans before you vote. You may wish to seek legal advice concerning the Plans and your classification and treatment under the Plans. Your Claim has been placed into Class 3 under the Plans. If you hold Claims or Interests in more than one class, you will receive a Ballot for each class in which you are entitled to vote.**

**If your Ballot is not _received_ by the Debtors' attorney on or before November 25, 2016 at 5:00 p.m. prevailing Eastern Time, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plans.**

**If the Plans are confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**You may return your Ballot by only _one_ of the following methods: (i) via hand delivery or overnight courier to David J. Fulton, Esq., Debtors' attorney(i) by first class mail at 701 Market Street, Suite 1000, Chattanooga, TN 37402; (ii) by email at djf@sflegal.com and Angie Miller at (angie@sflegal.com); or (iii) by facsimile (423) 648-1881.**

## <u>ACCEPTANCE OR REJECTION OF THE PLAN</u>

**Item 1.  Vote Amount.**

For purposes of voting to accept or reject the Plan, as of October 19, 2016 (the "**Voting Record Date**") the undersigned was holder of a Class 3 Claim in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan (Please check <u>one</u>.)**

**CHECK ONE BOX ONLY**

☐              **ACCEPTS (votes FOR) the Plan.**

☐              **REJECTS (votes AGAINST) the Plan.**

**Item 3.    Certification.**    By signing this Ballot, the undersigned hereby certifies that: (a) on October 19, 2016, it was the holder of the Class 3 Claim to which this Ballot pertains (or an authorized signatory for such holder), (b) it has full power and authority to vote to accept or reject the Plan, (c) it had received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes to accept or reject the Plan is subject to the terms and conditions set forth in the Disclosure Statement and Plan, and (d) no other Ballots with respect to the Class 3 Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such claims, then any such earlier received Ballots are hereby revoked.

Name of Claimant:  _____

Signature:  _____

Federal Tax I.D. or Social Security Number of Claimant:  _____

Name (if different from Claimant):  _____

Title (if corporation or partnership):  _____

Address:  _____

    _____

Telephone Number:  _____

Email Address:  _____

Dated:  _____

## <u>VOTING INSTRUCTIONS</u>

(a)    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

(b)    Please read and follow these instructions carefully.

(c)    You must submit your Ballot to David J. Fulton, Esq. so that it is received no later than **5:00 p.m. prevailing Eastern Time on November 25, 2016**, the Voting Deadline.  If your Ballot is not received by the Voting Deadline and such time is not extended, your vote will not count.  You may submit your Ballot by only <u>one</u> of the following methods: (a) in the provided postage prepaid envelope, (b) via electronic mail, or (c) by first class mail, overnight courier, or hand delivery.

(d)    In order for your vote to count, you must:

      (i)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

      (ii)    Review and sign the certifications in Item 3;

      (iii)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and if  requested provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

      (iv)    Return the completed Ballot to David J. Fulton, Esq., Debtors' attorney by only <u>one</u> of the following methods: (i) in the pre-addressed, postage prepaid envelope enclosed with this Ballot, (ii) via hand delivery or overnight courier to David J. Fulton, Esq., Debtors' attorney(i) at 701 Market Street, Suite 1000, Chattanooga, TN 37402; (ii) by email at <u>djf@sfglegal.com</u> and Angie Miller at angie@sfglegal.com; or (iii) by phone at (423)648-1880 or facsimile (423)648-1881

(e)    A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plan or (ii) fails to indicated an acceptance or rejection of the Plan will not be counted.

(f)    Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

(g)    If multiple Ballots are received from the same Person or Entity with respect to the same Claims prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline will be counted and deemed to supersede any prior received Ballot.

(h)    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or

an assertion or admission of a Claim.

(i)        If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Please complete and return each Ballot you receive.

(j)        **Please be sure to sign and date your Ballot.**

PLEASE RETURN YOUR BALLOT PROMPTLY.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DAVID J. FULTON, DEBTORS' ATTORNEY BY TELEPHONE AT (423) 648-1880 OR BY EMAIL DJF@SFGLEGAL.COM OR ROBERT M. HIRSH BY TELEPHONE (212) 457-5430  OR BY EMAIL ROBERT.HIRSH@ARENTFOX.COM)