# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| NEW BEGINNINGS CARE, LLC, ET AL. | ) NO. 1:16-bk-10272-NWW |
| | ) CHAPTER 11 |
| Debtors. | ) JOINTLY ADMINISTERED |
| | ) |

## NOTICE OF HEARING

**Notice is hereby given that:**

**A hearing will be held Thursday, December 1, 2016 at 10:30 a.m. in the Historic U.S. Courthouse, Courtroom A, 31 East 11th Street, Chattanooga, TN 37402, on the following:**

**Motion for Relief from Automatic Stay Filed by the Estate of Doris H. Spong**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

## MOTION BY THE ESTATE OF DORIS H. SPONG FOR PARTIAL RELIEF FROM THE AUTOMATIC STAY TO ALLOW CIVIL LITIGATION TO PROCEED

Pursuant to Section 362(d) of the Bankruptcy Code, Local Bankruptcy Rules and Rule 9014 of the Federal Rules of Bankruptcy Procedure, the Movant, Richard L. Spong, as Special Administrator of the Estate of Doris H. Spong, deceased, and on behalf of the wrongful death beneficiaries of Doris H. Spong ("Spong Estate"),

by and through counsel, hereby requests relief from the automatic stay with respect to a wrongful death and personal injury action currently pending in the Circuit Court of Saline County, Arkansas. Said request for relief from stay is limited to seeking a judgment in the amount of applicable insurance coverage of the Debtor, New Beginnings Care, LLC. In support of the motion, the Spong Estate respectfully submits the following:

### Parties, Jurisdiction and Venue

1. On January 22, 2016, the Debtor filed its petition with the Court for relief under Chapter 11 of the Bankruptcy Code.

2. The Movant, pursuant to 11 U.S.C. § 362(d), seeks partial relief from the automatic stay.

3. The Movant, a decedent's estate, is an unsecured, potential judgment creditor by virtue of a tort action, which was pending in the State of Arkansas prior to the Debtor filing for bankruptcy protection.

4. To date, the bankruptcy estate remains open and the Debtor has not been discharged.

5. The Court has jurisdiction over this matter and over the Debtor pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue over this matter is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This Motion constitutes a core proceeding, which may be heard and determined by the Court pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A) & (G).

## Background

8. Prior to filing for relief in bankruptcy, the Debtor, New Beginnings Care, LLC, was the managing entity for a small chain of nursing homes operating in Arkansas, including a facility doing business as Stoneybrook Health and Rehabilitation, located at 3300 Military Road, Benton, Saline County, Arkansas.

9. Doris H. Spong was a resident of Stoneybrook from approximately October 29, 2012, until January 30, 2013. Mrs. Spong died on January 30, 2013.

10. During her residence at Stoneybrook, Mrs. Spong suffered numerous injuries resulting from the negligence of the Debtor and others, including a fractured left hip, severe dehydration, multiple injurious falls, medication errors, a deep tissue injury to the sacrum, malnourishment, constipation, weight loss, poor hygiene, unnecessary pain, failure to notify family and a physician of substantial and adverse changes in condition, and an untimely death.

11. As a result of these injuries, on October 28, 2014, the Spong Estate filed a civil action against the Stoneybrook facility, New Beginnings Care, LLC, and related party-defendants, alleging negligence and violations of the Arkansas Medical Malpractice Act and the Arkansas Long-Term Care Facility Residents Act. *See* **Exhibit A,** file-marked *Complaint* in the matter of *the Estate of Doris H. Spong v.*

*Stoneybrook Healthcare & Rehab, LLC, et al.,* Saline County Circuit No. 63CV-14-661-3.

12. The *Complaint* pending in the Arkansas lawsuit alleges, among other allegations, that New Beginnings Care, LLC, owed duties of care to Doris H. Spong, which duties were breached through acts and omissions in its operation, management and control of the facility, the operating budget and staffing levels, and the provision and oversight of direct care through nursing services, as well as the implementation and enforcement of policies governing care and treatment of residents like Mrs. Spong. *See, for example,* Ex. A, ¶¶ 7, 27, 30, 34-35, 42 & 71.

13. After service was accomplished, New Beginnings Care, LLC, served the Spong Estate with its *Answer*. *See* **Exhibit B.**

14. On February 10, 2016, a Notice of Bankruptcy was served on the Spong Estate. Pursuant to 11 U.S.C. § 362, the pending civil suit in state court is automatically stayed. *See* **Exhibit C.**

15. The Movant's claims in tort arose, and the civil action was filed, prior to the Debtor seeking relief in these bankruptcy proceedings.

16. Undersigned counsel entered an appearance in the pending civil action in Arkansas on behalf of the Spong Estate. *See* **Exhibit D.**

17. Although the civil action in state court was stayed prior to discovery as to insurance coverage, upon information and belief the Debtor has insurance

4

coverage from which any expense for attorney's fees and costs incurred in defending against the claim and any judgment may be paid. In its 2013 annual Medicaid Cost Report, filed with the State of Arkansas, the Debtor reported that during fiscal year 2012-2013 Stoneybrook expended $119,095.00 for professional liability insurance coverage. *See* **Exhibit E**, SFY 2013 Medicaid Cost Report submitted by Stoneybrook, *Schedule of Expenses*, form 6, page 6 of 8, line no. 3-07.

18. The fiscal year 2013 expense for professional liability insurance coverage reported by the Debtor appears to encompass the time in which Doris H. Spong resided at Stoneybrook and, thus, the Spong Estate has a good faith basis for asserting there is insurance coverage for any judgment obtained against the Debtor in the pending civil action in Arkansas.

### Relief Requested

19. The Spong Estate requests relief from the automatic stay to proceed with civil litigation in Saline County, Arkansas, in order to determine the amount of and to recover for the damages suffered by Doris H. Spong, the Spong Estate and/or the wrongful death beneficiaries of Doris. H. Spong, and for the purpose of allowing the entry of judgment against New Beginnings Care, LLC, as determined by a jury or otherwise agreed upon, up to the amount of any insurance coverage.

20. With respect to the possibility of entry of judgment against the Debtor based on any judgment in excess of the insurance proceeds, the stay would remain

in effect with respect to such excess judgment unless and until such time as this Court determines that the stay may be lifted to allow for the entry of said excess judgment against the Debtor.

21.    Based on the foregoing, the Movant has demonstrated "cause" within the meaning of section 362(d)(1) of the Bankruptcy Code to lift or to modify the automatic stay in order to pursue the pending state court action. *See In re Shivshankar P'ship*, 517 B.R. 812, 816-17 (Bankr. E.D. Tenn. 2014).

22.    Section 362(d) of the Bankruptcy Code authorizes relief from the stay if a party with an interest in property of a bankruptcy estate can demonstrate cause, or establish that a debtor has no equity in the property and that the property is not necessary to an effective reorganization. *In re Laguna Associates Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994). "Cause" must be determined on a case-by-case basis. *Id.*; *see also In re Shivshankar P'ship*, 517 B.R. 812, 816-17 (Bankr. E.D. Tenn. 2014).

23.    As the legislative history of section 362 shows "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Lamberiack*, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992) (citing Senate Report No., 989, 95'h Cong., 2d Sess., 50).

24. Whether "cause" exists to permit the Spong Estate to proceed with the pending state court litigation, is determined by "the interests of the estate" weighed against "the hardships incurred by the creditor-plaintiff." *In re Indian River Estates, Inc.*, 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003).

25. Under the circumstances, allowing the civil litigation in Arkansas to proceed and lifting the automatic stay with respect to entry of a judgment to the extent of the insurance coverage will cause no harm to the Debtor or the bankruptcy estate, as the stay would remain in effect with respect to the entry of any judgment in excess of the available insurance coverage.

26. On the other hand, the Spong Estate will be harmed by delaying the civil court action. The mere existence of a bankruptcy action does not deny the Spong Estate opportunity to pursue a tort action. *In re Brock Laundry Machine Co.*, 37 B.R. 564, 566-67 (Bankr. N.D. Ohio 1984). Courts have found that making a plaintiff wait to prosecute a claim puts the plaintiff at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award. *Id.* Therefore, courts may lift the stay under section 362(d), permitting parties pursuing civil claims against a debtor in state court to recover under any applicable insurance policy coverage. *Id.*

27. "The automatic stay was never intended to preclude a determination of tort liability and the attendant damages. It was merely intended to prevent a

7

prejudicial dissipation of a Debtor's assets." *In re Brock Laundry Machine Co.*, 37 B.R. at 567. A partial lifting of the stay to allow the Spong Estate to determine liability and to seek to enforce any judgment against the Debtor up to the amount of applicable insurance coverage will not affect the bankruptcy estate. It will only allow the Spong Estate to establish liability, and the types and the amount of damages. In this respect, a relief from the stay will not violate the purpose for which it was imposed. *Id.*

28.     Conversely, the interest of judicial economy will be served by lifting the stay to permit the state court to determine the underlying facts.

29.     For the reasons set out herein, the Spong Estate requests that this Court grant partial relief from automatic stay imposed by 11 U.S.C. § 362.

WHEREFORE, the Spong Estate hereby requests that this Court enter an Order granting partial relief from automatic stay imposed by 11 U.S.C. § 362, permitting the Spong Estate to proceed in the state court action and to proceed with entry of a judgment to the extent of any insurance coverage of the Debtor, New Beginnings Care, LLC, and for all other relief to which it may be entitled.

Respectfully submitted,

Richard L. Spong, as Special Administrator of the Estate of Doris H. Spong, deceased, and on behalf of the wrongful death beneficiaries of Doris H. Spong

By:  /s/ David L. Eanes, Jr.
David L. Eanes, Jr., *pro hac vice*
Reddick Moss, PLLC
One Information Way, Suite 105
Little Rock, Arkansas, 72202
Telephone:  (501) 907-7790
Facsimile:  (501) 907-7793
deanes@reddickmoss.com

*Attorneys for the Spong Estate*

## CERTIFICATE OF SERVICE

The undersigned attorney of record does hereby certify that I have this day served via the Court's ECF Notification System a true and correct copy of the above and foregoing to all registered participants of the Court's ECF Notification System, including the following:

David J. Fulton, Esq.
Scarborough & Fulton
701 Market Street, Suite 1000
Chattanooga, TN, 37402
djf@sfglegal.com

United States Trustee
Historic U.S. Courthouse
31 E. Eleventh St., 4th Floor
Chattanooga, TN, 37402
Ustpregion08.cn.ecf@usdoj.gov

By:  /s/ David L. Eanes, Jr.
David L. Eanes, Jr., *pro hac vice*
Reddick Moss, PLLC